HILL *et al.* v. MCKENZIE *et al.*

*Sale — conditional delivery — title.*

Plaintiffs sold a quantity of teas to W. & Co. for cash on delivery. When W. & Co. sent for the teas they were found to require "cooperage," and W. & Co. refused to receive them. It was then agreed that the teas should be sent to W. & Co 's store, where plaintiffs were to do the necessary cooperage. The teas were sent to W. & Co.'s store, and plaintiffs' cooper went there to do the cooperage, but was prevented by W. & Co. from doing it. The next day plaintiffs presented their bill for the teas to W. & Co., but payment was refused on the ground that the cooperage was not done. Two days afterward W. & Co. sold the teas to defendant and failed. *Held,* that there was no waiver by plaintiffs of the condition of payment on delivery, and no title to the teas vested in W. & Co.

EXCEPTIONS ordered to be heard in the first instance at general term. The case was tried before a jury and a verdict in favor of plaintiffs, Charles E. Hill and another, was directed by the court. The action was one of replevin for a quantity of teas in the possession of defendants, John D. McKenzie and others, alleged to belong to plaintiffs. Charles Webb & Co. bought of the plaintiffs the teas in suit on May 21, 1867, for cash on delivery. The usual bought and sold notes were exchanged, the sold note being delivered to Webb & Co., and the bought note to plaintiffs. On May 24th Webb & Co. sent an order to plaintiffs for the goods. The chests containing the teas, on inspection at plaintiffs' warehouse, were found not to be in a deliverable state, and Webb & Co. declined to receive them till they were first coopered by plaintiffs. It was then arranged that the coopering should be done at Webb & Co.'s store, whither the teas were taken. Plaintiffs' cooper called at Webb & Co.'s store to cooper them, but was not allowed to do so. Plaintiffs twice presented bill for teas, once on the 24th of May, and again on the morning of the 25th, and both times payment was refused by Webb & Co. on the ground that the teas had not been coopered. In the mean time and within twenty-four hours after Webb & Co. had thus obtained possession of the teas, they disposed of their entire stock of goods, including plaintiffs' teas, and failed. Between noon and two o'clock of the 25th the defendants, being creditors of Webb & Co. to the extent of about $4,300, and apprehensive of their insolv-

ency, surrendered unmatured notes of Webb & Co. for that amount, and paid them about $4,800 in cash and received from them $9,100 worth of teas, including the teas in suit. Plaintiffs claim that the purchase was made by defendants with knowledge of the facts above recited, and under other suspicious circumstances, which deprived the defendants of the rights claimed by them as *bona fide* purchasers. The case was tried before Mr. Justice VAN BRUNT and a jury. After hearing the evidence, the judge directed a verdict for the plaintiffs for the value of the teas, the defendants' exceptions to be heard in the first instance at general term.

*Charles D. Adams*, for plaintiff. The sale was conditional and no title had passed from plaintiffs. *Bean* v. *Parker*, 17 Mass. 605; *Whitwell* v. *Vincent*, 4 Pick. 449; *Reed* v. *Upton*, 10 id. 522; *Read* v. *Bertrand*, 4 Wash. C. C. 558; *Bolton* v. *De Peyster*, 25 Barb. 574; *Dows* v. *Dennistoun*, 28 id. 393; *Ballard* v. *Burgett*, 40 N. Y. 314; *Herring* v. *Hoppock*, 15 id. 409; *Hasbrouck* v. *Lounsbury*, 26 id. 598. The teas were never in law delivered by plaintiff. *Russell* v. *Minor*, 22 Wend. 665; *Smith* v. *Lynes*, 5 N. Y. 45; *Ballard* v. *Burgett*, 40 id. 314; *De Wolf* v. *Babbett*, 4 Mason, 295; *Keeler* v. *Field*, 1 Paige, 312; *Haggerty* v. *Palmer*, 6 Johns. Ch. 437; *Furniss* v. *Hone*, 8 Wend. 256; *Linnen* v. *Cruger*, 40 Barb. 633; also cited *Stevens* v. *Hyde*, 32 id. 178; *Coggill* v. *Hartford & New Haven R. R. Co.*, 3 Gray, 545; *Sargent* v. *Metcalf*, 5 id. 306; *Dresser Manufacturing Co.* v. *Waterston*, 3 Metc. 9; *Spring et al.* v. *Coffin*, 10 Mass. 31; *Palmer* v. *Hand*, 13 Johns. 434; *Andrew* v. *Dieterich*, 14 Wend. 31; *Janeway* v. *Green*, 2 Sandf. 418; *Saltus* v. *Everett*, 20 Wend. 267; *Bennett* v. *Cook*, 45 N. Y. 278.

*Alvin C. Bradley*, for defendants. Plaintiff had no lien, having voluntarily parted with the possession. *Sargent* v. ——, 5 Cow. 110; *Smith* v. *Lynes*, 5 N. Y. 44. The title had vested in Webb & Co., and any loss would have been theirs. *Olyphant* v. *Baker*, 5 Denio, 379; *Joyce* v. *Adams*, 8 N. Y. 296; *Terry* v. *Wheeler*, 25 id. 520; *Reed* v. *Randall*, 29 id. 358; also cited *Young* v. *Lee*, 12 id 551; *Wait* v. *Green*, 36 id. 556; *Brown* v. *Leavitt*, 31 id. 113; *Pratt* v. *Coman*, 37 id. 440.

DAVIS, P. J. At the close of the evidence neither party asked to go to the jury on any question of fact; but the counsel for each side

moved for a verdict in favor of his clients. There is, therefore, no question in the present condition of the case whether, upon the evidence, the jury might or might not have found facts leading to a different verdict from that directed by the court. The verdict was directed for the plaintiffs and an exception duly taken to the direction; but that does not, under the circumstances, involve any question of the right of defendants to have gone to the jury upon the facts.

There was no conflict of evidence as to the character of the sale of the teas by plaintiffs to Webb & Co. It was very clearly a sale for cash on delivery. There was the plainest possible refusal to give credit for any length of time, and the sale note on its face expressed the terms to be for cash. A delivery upon such a sale is conditional and vests no title until the cash be paid, unless the condition be waived by the vendor. The authorities on this subject are numerous and completely decisive. The sole question in this case, so far as this point is concerned, was whether there had been a waiver of the condition. The teas, when sent for by Webb & Co., were found to be in a condition requiring "cooperage." Their carman refused to take them in that state; but it was arranged that he should take them to Webb & Co.'s store, where plaintiffs should put the packages in proper condition by sending their cooper to do the necessary work. The bill was sent for payment, but payment was refused until the cooperage should be done. The cooper went to the store, but was not allowed to do the work at that time. The plaintiffs, supposing the cooperage to have been done, again sent their bill, and payment was again refused for the same reason ; and while the teas remained under those circumstances at Webb & Co.'s store, and within less than two days after the teas were taken there under the arrangements as to cooperage, the plaintiffs purchased them of Webb & Co., who had become insolvent.

The court held there was no waiver of the condition and that the title of the teas remained in plaintiffs. In this view of the case the learned judge was clearly right. The evidence is of such a character that a jury would not have been justified in finding that there was any waiver or intention to waive the conditions of payment. On the contrary there was no complete delivery, because there was no acceptance. Webb & Co., on the presentation of the bill for the teas, twice refused payment because the cooperage had not been done, and although the cooperage had been delayed, it was by their

fault, and it did not lie in their mouths to insist that such delay waived any right of plaintiffs. Their act of selling the teas to defendants might have been treated by plantiffs, if they had chosen so to do, as a complete acceptance by Webb & Co., but their election to follow the teas into the hands of the vendees is a refusal to elect to treat the sale as a complete acceptance, and an assertion of their original right.

The motion for new trial must be denied and judgment ordered for plaintiff on the verdict.

DONOHUE and DANIELS, JJ., concurred.

*Judgment for plaintiff on the verdict.*